## Josiah Pomroy *vs.* Thomas A. Gold.

A. and B. covenanted with each other, that as soon as certain arbitrators should appraise B.'s land and report their appraisement, A. would pay to B. the sum at which the land should be thus appraised, and B. would accept said sum and convey the land to A. by deed of warranty : The arbitrators made and reported their appraisement, and B. immediately declared, in their hearing and in the hearing of A., that he would " never let the land go for that price." *Held,* that notwithstanding this declaration of B., A. could not maintain an action against him on his covenant, without first tendering the appraised value of the land, and demanding a conveyance thereof.

COVENANT BROKEN. The declaration alleged, that on the 6th of April 1839, the plaintiff and defendant, by their deed of that date, mutually agreed to submit to three arbitrators (named in said deed) the valuation of certain real estate owned by the defendant, which he had promised to sell and convey to the plaintiff, and which the plaintiff had promised to purchase and pay for ; and that when said arbitrators should appraise said estate, and report in writing the sum which the plaintiff should pay to the defendant for the same, the plaintiff would pay such sum to the defendant, in the plaintiff's notes, or the notes of J. Pomroy & Co., half in six months, and half in twelve months, with interest, and the defendant would accept such sum in such notes, and convey the said estate to the plaintiff by a deed of warranty ; and that either party, who should not abide the award of the arbitrators, and forthwith fulfil the same, should pay to the other party the sum of fifty dollars : That the arbitrators, on the 8th of April 1839, appraised said estate at $ 260, and reported their appraisement in writing : That the plaintiff was ready and willing to make and execute said notes, and to do and perform all other acts and things by him to be done and performed on his part, by virtue and reason of said deed ; but that the defendant, on the same day when said appraisement was made, and immediately after it was so reported, and in the presence of the arbitrators and of the plaintiff, declared his positive and absolute refusal to abide the appraisement and award ; by reason of which said declaration and act of the defendant, the plaintiff was unable to do with effect the acts which he otherwise should and would have done in performance of his engagement to the defendant.

The parties submitted the case to the court upon a statement of facts, as follows :

The plaintiff and defendant duly executed the agreement or covenant set forth in the declaration :   The arbitrators or appraisers therein named met the parties and made an appraisement in writing, and indorsed the same on the back of said agreement, in these words :   " The arbitrators named in the within agreement, having examined the premises, &c. do award that said Pomroy pay to said Gold the sum of two hundred and sixty dollars, in the manner within mentioned.   April 8th, 1839." (Signed by all the arbitrators.)   After the award or appraisement was made known to the parties, and before the parties separated, the defendant said he never would let the land go at that price. No demand was ever made by the plaintiff on the defendant for a deed, or for the fifty dollars mentioned in the agreement, before this action was commenced ; nor did the plaintiff ever tender to the defendant such notes as are mentioned in the agreement.

It was agreed that the court might draw such inferences from the foregoing facts, as a jury would be warranted to draw from them.

*Wells & Rockwell*, for the plaintiff.

*Porter*, for the defendant.

PUTNAM, J.   Upon a true construction of the agreement between the parties, independently of any waiver on the part of the defendant, we think it very clear, that the plaintiff should have offered to make the payment in the manner awarded by the arbitrators, and also have proved a demand upon the defendant for a conveyance of the estate, and a refusal on his part so to do, before any action could be maintained by the plaintiff against the defendant for a breach of the agreement.   Com. Dig. Pleader, C. 51.   In all cases where the estate or interest commences on a condition precedent, be the condition or act in the affirmative or negative, and to be performed by the plaintiff, the defendant, or any other, the plaintiff ought, in his count, to aver performance.   *Ughtred's case*, 7 Co. 10.   Thus, if a man promises to surrender land on payment of so much money, the plaintiff, in an action of assumpsit, ought to allege payment, or a tender and refusal.   7 T. R. 131.   *Lea v. Exelby*, Cro. Eliz 388

By the agreement, the plaintiff was to pay to the defendant, in and by the note of the plaintiff, or J. Pomroy & Co.'s note, in six and twelve months, with interest, the amount of the arbitrators' appraisement of the value of the defendant's estate ; and thereupon the defendant was to convey the estate to the plaintiff ; and either party, who should not abide by the award, and forthwith fulfil the same, was to pay to the other the sum of fifty dollars. No particular time was appointed, at or within which the assent of the parties to the award should be given. That assent was therefore to be manifested in a reasonable time. If the parties should have lain by beyond a reasonable time, neither of them could afterwards have had any remedy against the other for non-performance. And the party intending to perform the award, and to require performance by the other party, was bound to make that intention known accordingly, and to aver and prove, not only that he was ready, but that he actually offered to do the things required of him to be done to entitle him to a simultaneous performance.

But in the case at bar, the plaintiff avers a readiness, on his part, to perform, but avers no tender or offer of the payment which was awarded to be made on his part. Nor is there any averment that the plaintiff made any special demand on the defendant to perform the award. And it is agreed, that no such demand was in fact made. If the case was to be decided upon this state of the pleading and facts, it would be clear that the plaintiff is not entitled to recover.

But the plaintiff insists that the defendant, by his own conduct and declarations, waived the offer of performance which the plaintiff would otherwise have been required to prove ; and that he, therefore, cannot be permitted to rely on this objection.

If the defendant had voluntarily disabled himself to perform the agreement on his part ; as if, for example, he had conveyed the estate to a third person ; the plaintiff would be excused from making a demand of performance by the defendant. For the law does not require vain things to be done by any party Yelv. (Amer. ed.) 76, *note* (2). *Newcomb* v. *Brackett,* 16 Mass 161. But the plaintiff's count, in such case, should set forth

the fact which excuses him from making a demand, as was done in the case last cited.   1 Chit. Pl. (6th Amer. ed.) 352, 358. *Hilt* v. *Campbell*, 6 Greenl. 109.

The declarations of the defendant in the case at bar, upon which the plaintiff relies, do not constitute a disability on his part to perform the award.   He expressed, at the time of the promulgation of the award, a strong dissatisfaction with it, and said that he never would let the land go at that price.   Now the parties have agreed that the court may draw from the facts the same inferences which a jury would be warranted to draw from them. Did the defendant intend, by that declaration, to give up any legal rights he might otherwise have had and enforced against the party with whom he was contending ?   Did he mean to declare that he would subject himself to the payment of the fifty dollars, notwithstanding the plaintiff himself might not be willing to perform the award on his part ?   Did he intend, although the plaintiff should not offer to perform the award on his part, that he (the defendant) would notwithstanding perform, or pay the sum required as the alternative for non-performance ?   We all think that such a construction of the words used, or such inference from them, under the circumstances, would be carrying the effect of the expression much further than the party intended it should go.   It was a sudden ebullition of passion, rather than a deliberate yielding up of any rights or legal objections to which he might find himself entitled if the adverse party should proceed to take legal measures on his part.   If, in a reasonable time, the plaintiff had offered to pay, and had demanded performance by the defendant, the defendant certainly had the power to convey, and perhaps, on further reflection and knowledge, would have conveyed the estate.   We think it was not intended by the declaration of the defendant, on which the plaintiff relies, to confer any right upon the plaintiff beyond what the law gave to him.   It should be taken as indicating general resistance of the defendant, rather than as the waiving or relinquishing of any rights or advantage to which he was legally entitled.   And the jury, from the facts agreed, would be warranted in coming to such a result.   The plaintiff, therefore, cannot

maintain this action, inasmuch as he has not averred and proved an offer on his part to perform, and a notice and special demand and refusal, on the part of the defendant.

*Plaintiff nonsuit.*